UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IVAN G. McKINNEY, | : | |
| Plaintiff, | : | Civ. No. 18-8618 (FLW) |
| v. | : | |
| GARY LANIGAN, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

This matter has been opened to the Court by Plaintiff Ivan McKinney's ("McKinney" or "Plaintiff") response to the Court's Order to Show Cause requiring him to show cause as to why his Complaint should not be dismissed in part as untimely, and by his letter motion docketed on June 4, 2021. *See* ECF Nos. 19, 22. Having considered Plaintiff's submissions, and for the reasons explained below, the Court denies without prejudice Plaintiff's letter motion seeking to proceed on the Complaint, and dismisses without prejudice the federal claims brought pursuant to 42 U.S.C. § 1983 under § 1915(e) as untimely. The Court also declines supplemental jurisdiction over the state law claims and administratively terminates this matter at this time. To the extent Plaintiff can provide sufficient facts to support equitable tolling of his federal claims, he may submit a Verified Amended Complaint and a motion to reopen within 45 days in accordance with this Memorandum Opinion. Otherwise, this matter shall be dismissed with prejudice as untimely and closed accordingly.

I.     **FACTUAL BACKGROUND**

As recounted in the Court's prior opinion, McKinney is a state prisoner at New Jersey State Prison and a frequent filer in this District. The claims in this action arise entirely from

1

McKinney's transportation by van between corrections facilities on November 10, 2015.  *See* ECF No. 1.  McKinney alleges that corrections officers subjected him, as well as other prisoners in the van, to a lack of ventilation, denied his requests to use the restroom despite having been in the van for hours, and gave him a "rough ride," by erratically maneuvering the van while he did not have a seatbelt.  *See id.* at 6–15.  Plaintiff was injured during the rough ride and required medical treatment.  *Id.* at 7.  McKinney alleges that the corrections officers directly involved, as well as Gary Lanigan, then the commissioner of the New Jersey Department of Corrections, and a John Doe supervisory defendant, should be held liable in their individual and official capacities.  *Id.* at 2–17.

Plaintiff's Complaint was originally docketed on April 23, 2018.  *See* ECF No. 1.  Plaintiff's cover letter to the Clerk of the Court stated that he is "resubmitting" the Complaint because he never heard back from the Court after sending the same complaint to the Court approximately 13 months prior on March 19, 2017.  *See* ECF No. 1 at 1.  The Complaint submitted by McKinney and docketed on April 23, 2018, is backdated to March 1, 2017.  *See id.* at 7.  The application to proceed in forma pauperis ("IFP application") submitted by Plaintiff is signed and dated March 19, 2017, but includes an uncertified account statement for the period from March 21, 2017 – September 21, 2017.[1]

In response to McKinney's Complaint and cover letter, the Court issued an Order to Show Cause as to why his claims should not be dismissed as untimely.  Plaintiff sought an extension of time to respond, which was granted by the Court.  *See* ECF Nos. 13-17.   Plaintiff

---

[1] If Plaintiff originally submitted his Complaint for filing on March 19, 2017, as he claims in his cover letter, he would not have been able to include an account statement for the six-month period <u>after</u> he filed the Complaint.

responded to the Order to Show Cause and subsequently submitted a letter motion asking the Court to permit his claims to proceed, and several letters with exhibits.  ECF Nos. 19, 22, 23-24.

## II.  DISCUSSION

At issue is whether the federal claims in Plaintiff's Complaint are untimely and subject to dismissal under § 1915(e)(2)(B) on that basis.  A District Court can raise the issue of the statute of limitations sua sponte at the screening stage.  *See Hunterson v. Disabato*, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").  As explained in the Court's prior Opinion, Plaintiff's civil rights claims are untimely from the face of the Complaint, as it was submitted and received beyond the two-year limitations period for civil rights claims. Prior to dismissing the Complaint, the Court addresses the application of the prisoner mailbox rule, the statute of limitations, and equitable tolling.

### 1.  Prisoner Mailbox Rule

Plaintiff's cover letter to the Clerk of the Court implicates the prisoner mailbox rule because he states that he originally submitted his complaint to prison officials for mailing on March 19, 2017.  Plaintiff submitted no less than three Complaints to the District of New Jersey for filing in 2018, and in each case, he wrote to the Clerk of the Court and claimed that he was resubmitting the Complaint because the original complaint was either mishandled by prison officials or lost in the mail.  *See* Civil Act. Nos. 18-309, 18-8618, 18-12987.  Although the Court instructed Plaintiff to provide the postage remits for each "lost" complaint, Plaintiff has not

3

provided that documentation. Notably, all of his "resubmitted" Complaints were timely mailed by prison officials, received by the Clerk of the Court, and docketed without issue.

In his response to the Order to Show Cause, Plaintiff states that he is attempting to obtain the postage remits through Open Public Record Act ("OPRA") requests. He further contends that he handed the original complaint in this action to prison officials for filing on March 19, 2017, and should not be held responsible for whether the mail was sent out or mishandled. He also states that he sometimes encloses documents for different actions in a single envelope. *See* ECF No. 19-1 at 6-7.

Plaintiff has also submitted a "letter motion" in which he argues that another of his pending cases before this Court, *McKinney v. Robinson*, Civ. Act. No. 16-4460, supports his claims that his original complaints were never mailed by prison officials. In that matter, the Court denied summary judgment on Plaintiff's First Amendment legal mail claims due to disputed issues of material fact.[2]

Plaintiff's arguments implicate the federal "prisoner mailbox rule," which provides that a pro se prisoner's submission is generally deemed filed "at the time [the inmate] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). As noted by this Court in its prior Opinion, the rule applies where a habeas petition or civil complaint is handed to

---

[2] Plaintiff incorrectly suggests that the Court ruled that he succeeded on those claims when in fact the Court ruled that there were issues of material fact that precluded summary judgment on those claims.

prison officials near the expiration of the limitations period but is not received by the Court until several days or a few weeks later. For instance, in *Pearson*, the plaintiff's complaint was signed on February 28, 2009, and received by the court on March 3, 2009, and the plaintiff received the benefit of the earlier filing date. *See id.*

Here, Plaintiff stretches the prisoner mailbox rule beyond its limits, and his attempt to utilize the prisoner mailbox rule in this action fails for the following reasons: 1) he is a frequent litigator with numerous pending cases in this Court and has not provided postage remits or other evidence showing that he submitted <u>this complaint</u> to prison officials for filing in March 2017;[3] 2) the complaint Plaintiff claims to have mailed in March 2017 was never received by the Clerk of the Court; and 3) Plaintiff failed to follow up about the whereabouts of the complaint he allegedly mailed for approximately 13 months. Although Plaintiff implies that prison officials interfered with the mailing of the three complaints, Plaintiff's alleged concerns should have prompted him to follow up with the Clerk of the Court about his complaint.[4] The Court also notes that it is uncanny that Plaintiff's "resubmitted" Complaints in Civil Action Nos. 18-306, 18-8618, and 18-12987 were each mailed by prison officials without delay, arrived at the Court without issue, and were docketed promptly, but Plaintiff's "original" complaints were all lost in the mail and/or mishandled by prison officials. Given these unusual circumstances, the Court

---

[3] The fact that the account statement submitted with the backdated Complaint is for the period from March 21, 2017 – November 21, 2017, also suggests that the Complaint was <u>not</u> originally submitted for filing on March 19, 2017.

[4] Plaintiff also implies that he did not want to anger the Court by following up about his complaint; however, this argument is misplaced because Plaintiff would have written to the Clerk of the Court not the Court itself to inquire about his complaint. Indeed, if the original complaint was never received or docketed, there would be no assigned judge to address his concerns.

declines to apply the prisoner mailbox rule and will next address the statute of limitations and equitable tolling.

### 2. Statute of Limitations & Equitable Tolling

While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x. 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); *see also Archie v. City of Newark*, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under sua sponte screening authority).

Under New Jersey law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14–2. Because a § 1983 claim is characterized as a personal-

injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp.. Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252. 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012) (emphasis added). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." *Graff v. Kohlman*, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).

7

McKinney's § 1983 and tort claims appear to be untimely from the face of the Complaint. He alleges that all underlying acts and harm occurred on November 10, 2015, when he was transported between facilities by van. *See* ECF No. 1. Thus, absent tolling, the two-year limitations period for his claims ended as of November 10, 2017. The Complaint was received by the Clerk's Office over five months after that, on April 23, 2018, and included a cover letter dated April 17, 2018. (*See* ECF No. 1 at 1.) The Court will give McKinney the benefit of the doubt, as appropriate for a *pro se* litigant, and assume, under the "mailbox rule," *see Houston*, 487 U.S. at 270–71, that he may have given it to prison staff for filing as early as its indicated date, April 17, 2018. Nonetheless, the Complaint is still facially untimely.

It is possible, however, that Plaintiff may have some basis for equitable tolling.[5] But supporting facts for tolling must be included in the Complaint. Courts that have considered the issue have found that it is necessary to plead the doctrine or facts in support thereof where the claims are facially untimely. *See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 n. 10 (3d Cir.1994) (reviewing the dismissal of a claim as untimely and stating "[w]e do not apply this doctrine to Oshiver's failure to hire claim, however, because nowhere in the complaint does Oshiver allege that the law firm misled her, actively or otherwise, with respect to this claim. Accordingly, there is no basis for the application of the equitable tolling doctrine."); *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir.) (stating that

---

[5] Under federal law, tolling is extraordinary relief that is appropriate only "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his or her cause of action; (2) where the plaintiff has been prevented from asserting his or her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his or her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370, n.9 (3d Cir. 2000).

"federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegations in their pleadings….").

In his letter motion seeking to proceed on his claims, Plaintiff appears to assert for the first time that he is entitled to tolling because he was unable to exhaust his administrative remedies for "months," and he provides several grievances as exhibits. Plaintiff's Complaint refers to Defendant Lanigan's alleged failure to investigate the matter despite Plaintiff's filing of grievances and letters to the ombudsman, but the Complaint does not include any facts to suggest that he was unable to exhaust his administrative remedies for the incident on November 10, 2015, through prison grievance system. Nevertheless, the Court will permit Plaintiff to submit an Amended Complaint that includes all the facts he has to support equitable tolling with respect to the claims arising from the incident on November 10, 2015.

Within 45 days, Plaintiff may file an Amended Complaint and a motion to reopen this matter if he can provide facts to support equitable tolling. Plaintiff is notified that an amended complaint, once accepted by the Court, replaces the original one. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *see also Zrodskey v. Head Classification Officer*, Civ. A. No. 3:11cv00283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints."). As such, Plaintiff must include all allegations related to his underlying claims and the facts supporting equitable tolling in his

Amended Complaint.  The Court will also require Plaintiff to submit a Verified Amended Complaint and swear to his allegations under penalty of perjury.[6]

### a. The Court Declines Supplemental Jurisdiction Over the State Law Claims

Finally, the Court addresses Plaintiff's potential state law claims.[7]  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  It appears Plaintiff is seeking to bring state law

---

[6] If Plaintiff has additional evidence—namely the postage remits showing when he originally mailed the instant complaint—he may also include those facts in the Verified Amended Complaint and attach the postage remits as evidence.  If Plaintiff is unsure or confused about whether (or when) he originally mailed the complaint in this action, however, he should not assert them as facts in his amended complaint or swear to them under penalty of perjury.

[7] The Court does not construe Plaintiff to assert jurisdiction for his state law claims under 28 U.S.C. § 1332, which provides jurisdiction over state law claims if the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of different states." 28 U.S.C. § 1332.  "A plaintiff, as the party asserting diversity jurisdiction, 'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states.'" *Molley v. Tesche*, No. 13–3770, 2014 WL 2887824, at *2 (D.N.J. June 25, 2014) (quoting *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979)); *see also Gay v. Unipack, Inc.*, No. 10–6221, 2011 WL 5025116, at *4 (D.N.J. Oct.20, 2011).  There must be complete diversity among the parties—*i.e.*, no plaintiff may be a citizen of the same state as any defendant.  *See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir.2003) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)).  "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken v. Murphy*, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), *aff'd by*, 129 F. App'x 701 (3d Cir.2005) (per curiam); *see also Molley*, 2014 WL 2887824, at *3.  Here, however, Plaintiff does not specifically allege each party's citizenship or the amount in controversy and, thus, cannot rely on §1332 to establish jurisdiction over his state law claims.  *See e.g., Grohs v. Santiago*, 13-3877, 2014 WL 4657116, at *10–11 (D.N.J. Sept. 17, 2014) (declining to find jurisdiction pursuant to § 1332 where plaintiffs failed to specifically allege each party's citizenship).  The remaining basis for jurisdiction over the state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as explained in this section.

tort claims, and the Court declines supplemental jurisdiction at this time, as it has dismissed without prejudice the federal claims on the basis of timeliness.[8]

## III. CONCLUSION

Plaintiff's motion to proceed on his claims is denied without prejudice. *See* ECF No. 22. The Complaint is dismissed in its entirety pursuant to the Court's screening authority under § 1915(e). The § 1983 claims are dismissed <u>without prejudice</u> as untimely, and the Court declines supplemental jurisdiction over the state law claims because it has dismissed the federal claims. At this time, the Court will administratively terminate this matter and permit Plaintiff to submit an Amended Complaint within 45 days and a motion to reopen this matter in accordance with this Memorandum Opinion. If Plaintiff does not submit an Amended Complaint within 45 days, the Court will enter an Order dismissing this case with prejudice and close this matter accordingly. An appropriate Order follows.

Dated: 12/21/2020

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[8] If Plaintiff files an amended complaint and states one or more federal claims for relief, the Court will address whether he has also stated any state law claims for relief at that time.